J-S08026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHANE NICHOLAS SHIPLEY, | |
| Appellant | No. 1065 WDA 2017 |

Appeal from the PCRA Order entered July 3, 2017,
in the Court of Common Pleas of Fayette County,
Criminal Division, at No(s): CP-26-CR-0001648-2015,
CP-26-CR-0001998-2011, CP-26-CR-0002199-2011,
CP-26-CR-0002260-2011, & CP-26-CR-0002355-2011

BEFORE:  LAZARUS, J., KUNSELMAN, J. and STEVENS, P.J.E.*

MEMORANDUM BY KUNSELMAN, J.                    **FILED MARCH 9, 2018**

Appellant, Shane Nicholas Shipley, appeals *pro se* from the order denying his first timely petition for relief pursuant to the Post Conviction Relief Act.  42 Pa.C.S.A. §§ 9541-46.  We affirm.

Appellant's most recent criminal charges arose after he, along with two others, conspired to rob a local pool hall.  Appellant entered the pool hall wearing a child's Spiderman mask and pointed what the victim believed to be a handgun at her.  Appellant took two cash drawers and fled the scene with his two cohorts.  Subsequent police investigation led to Appellant's arrest.  The Commonwealth charged Appellant at CP-26-CR-0001648-2015 with robbery and related charges.

_____
*Former Justice specially assigned to the Superior Court.

On May 2, 2016, Appellant entered into a negotiated plea to robbery graded as a third-degree felony.  On May 19, 2016, the trial court sentenced Appellant in accordance with the plea agreement.  Appellant's sentence included, in pertinent part, the following:

> THE COURT:  At Number 164[8] of 2015 . . . [Appellant shall undergo] imprisonment at a state correctional institution for a period of not less than two and one-half years nor more than five years.  . . .  This sentence is to run concurrent with 1988, 2199, 2260 and 2355 all of 2011.

N.T., 5/19/16, at 4-5.  The written order that appears in the certified record contains the same sentencing terms.

Appellant did not file a direct appeal.  On February 27, 2017, Appellant filed a timely PCRA petition.  Within this petition, he claimed that his sentence was illegal.  According to Appellant, he was had been informed by the Pennsylvania Department of Corrections that his entire back time for his parole violations at the 2011 dockets had to be served before he began serving his 2 ½ to 5 year sentence, even though his written sentencing order stated that his 2016 sentence was to run concurrent to them. Appellant also asserted that his counsel had abandoned him.

On March 2, 2017, the PCRA court appointed counsel.  On April 18, 2017, PCRA counsel filed a motion to withdraw and a "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  In this filing, PCRA counsel averred that the record refuted Appellant's

ineffective assistance claim, and that Appellant's sentence was legal, because it did not exceed the applicable statutory maximum.

On June 1, 2017, the PCRA Court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing.[1]  Appellant did not file a response.[2]  By order entered July 3, 2017, the PCRA court denied Appellant's latest PCRA petition.  This timely appeal followed.  By order entered July 24, 2017, the PCRA court ordered Appellant to file within 21 days a concise statement of errors complained of on appeal.  In this order, the trial court warned Appellant "any issue not properly included in the statement, timely filed and served pursuant to [Pa.R.A.P. 1925](b), shall be deemed waived."

Before reaching Appellant's claims raised on appeal, we must first determine whether they are properly before us.  On August 28, 2017, the PCRA court filed a statement in lieu of opinion pursuant to Pa.R.A.P. 1925(a) in which it stated that Appellant failed to comply with its previous order ordering him to file a Pa.R.A.P. 1925(b) statement.  Given this failure, the

---

[1] By order entered August 30, 2017, the PCRA court granted PCRA counsel's motion to withdraw.

[2] In his brief, Appellant asserts that, on June 11, 2017, he had sent a request to extend the time in which to respond, and sent his objections to the court's Rule 907 notice approximately one week later, and that PCRA counsel misunderstood his sentencing claim.  These documents do not appear in the certified record.

PCRA court opined that any issue raised by Appellant is waived. We agree. *See generally*, Pa.R.A.P. 1925(b)(4)(vii); ***Commonwealth v. Allshouse***, 969 A.2d 1236 (Pa. Super. 2009). We therefore affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/9/2018